UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINNETTA DYER SAUNDERS,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

No. 19-cv-22 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    On June 5, 2019, the Court entered judgment in favor of Plaintiff Vinnetta Saunders in this Social Security Act proceeding, reversing the decision of the Commissioner and remanding the action to the Social Security Administration. Doc. No. 24. On remand, the agency determined that Saunders was disabled and entitled to past-due benefits in excess of $40,000. *See* Doc. No. 29 ¶¶ 9–11. Twenty-four days after the agency mailed Saunders a notice of her award, she filed a motion for attorney's fees under 42 U.S.C. § 406(b), which is now before the Court. Doc. No. 27.

    In her motion, Saunders asks the Court to approve an attorney fee of $6,000 for her counsel's legal work, which secured the favorable outcome in this proceeding. *See* Doc. No. 28 at 1. She first contends that the fee request is reasonable because her agreement with counsel authorized a contingent fee of up to 25% of any past-due benefits she received. She also maintains that her fee motion was timely because the notice of her award was inadvertently sent to the wrong law firm, which prevented her counsel from filing the motion at an earlier date. The Commissioner filed a letter that neither supports nor opposes Saunders's motion. Doc. No. 31.

I.   **Reasonableness**

Under 42 U.S.C. § 406(b), a court may grant a reasonable fee to an attorney who successfully brings a Social Security claim on behalf of his client in court. These fees are capped by statute at 25% of the client's past-due benefits, as determined by the agency. *See* 42 U.S.C. § 406(b)(1). When client and counsel have agreed to a contingency fee, courts give "significant weight" to their agreement in determining whether to approve a fee request from counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (internal quotation marks omitted). To that end, courts will generally approve such requests, provided that the attorney's share is reasonable given the "character of the representation and the results [it] achieved." *Id.* In the Second Circuit, district courts assess reasonableness based on three factors: (1) whether the amount requested exceeds the 25% statutory cap, (2) whether counsel procured the fee agreement by fraud or overreach, and (3) whether the requested fee is so large as to be a windfall to counsel. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Saunders and her counsel, Daniel Osborn, entered into a fee agreement under which Osborn may request up to 25% of any past-due benefits awarded to Saunders. *See* Doc. No. 29-1 at 1. The Court finds that Osborn's request for $6,000 in attorney's fees is reasonable under section 406(b).

Starting with the first factor, Osborn's fee request is only 18% of Saunders's past-due benefits, which falls comfortably within the statutory cap of 25%. *See* Doc. No. 29-5 at 3 (stating that 25% of the past-due benefits is $8,554.50). Second, nothing in the record indicates that Osborn obtained his fee agreement through fraud or overreach. *See* Doc. No. 31 at 2. Third, although Osborn's requested fee translates to a high hourly rate, it would not be an undue windfall. According to Osborn's records, he spent 6.7 hours bringing Saunders' claims in court, which is

2

equivalent to an hourly rate of $895.52. *See* Doc. No. 29-2 at 4. While high, that rate is well within the orbit of other fee requests approved by courts in this circuit, and the Court sees no reason to reject it here, especially given that Osborn is seeking less than the 25% stake that his fee agreement entitles him to. *See, e.g.*, *Valle v. Colvin*, No. 13-cv-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving fee request equal to $1,079.72 per hour); *Kazanjian v. Astrue*, No. 09-cv-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (approving fee request equal to about $2,100 per hour and noting that "imputed hourly rates are frequently misleading in these cases"); *Mills v. Berryhill*, No. 15-cv-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving fee request equal to $1,007.78 per hour).

As a final point, the Court observes that Osborn has agreed to remit to Saunders the $1,100 in attorney's fees he previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Doc. No. 28 at 5 (citing Doc. No. 29 ¶ 8). As Osborn correctly recognizes, counsel may apply for fees under both section 406(b) and the EAJA but must return the smaller fee award to his client. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (alterations and internal quotation marks omitted)). Osborn's agreement to give his EAJA award to Saunders avoids that issue.

The Court thus concludes that Osborn's request for $6,000 in fees under section 406(b) is reasonable, provided that he refunds to Saunders the $1,100 in fees he received under the EAJA.

## II.   Timeliness

Even if the size of Osborn's fee request is reasonable, the Court must still ensure that it was timely made. On this point, the Second Circuit has held Federal Rule of Civil Procedure 54(d)(2)(B) sets the deadline for fee motions made under section 406(b). *See Sinkler v. Berryhill*,

932 F.3d 83, 87 (2d Cir. 2019). Under Rule 54(d)(2)(B), a motion for attorney's fees must be filed within fourteen days after "the claimant receives notice [from the agency]" of her post-due benefits calculation. *Id.* at 91. This deadline is not absolute, however, and courts retain discretion to "enlarge that filing period where circumstances warrant." *Id.* at 89. As the Second Circuit has explained, district court have "discretion" to entertain late fee requests when the requesting party demonstrates "excusable neglect" under Federal Rule of Civil Procedure 6(1)(B). *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).

Here, the agency issued Saunders's fee award on April 26, 2021, and Saunders presumptively received it three days later, on April 29. *See Sinkler*, 932 F.3d at 89 n.5 (explaining that claimants presumptively receive mailed notices three days after issuance).[1] She did not file her fee motion until 21 days after that, on May 20, 2021. *See* Doc. No. 28 at 7. According to Saunders, her filing was delayed because the agency inadvertently mailed her notice to the law firm that represented her before the agency instead of Osborn's firm, which represented her in court. *See* Doc. No. 29-5 at 8 (notice addressed to Christopher Latham of the Pasternak Tilker firm instead of Daniel Osborn at Osborn Law). Once Osborn realized that he had not received notice of Saunders' award by May 13, 2021, he promptly emailed the other firm to ask for an update. *See* Doc. No. 29-6 at 2. The other firm forwarded Saunders' award to Osborn the same day, and he filed the fee motion just seven days later. *See id.*

At the outset, Saunders argues that her motion was timely because it was filed *within* the 14-day window prescribed by Rule 54(d)(2)(B). According to Saunders, the 14-day clock begins when *counsel*, not claimant, receives notice of the Social Security award. Doc. No. 28 at 3 (citing *Sinkler*, 932 F.3d at 88). Saunders draws this conclusion from *Sinkler*, where the Second Circuit

---

[1] Saunders did not specify which date she in fact received her notice, so the Court applies the "law's presumption that a party receives communications three days after mailing." *Sinkler*, 932 F.3d at 89 n.5.

4

suggested that the relevant date is "when counsel receives notice of the benefit award." *Sinkler*, 932 F.3d at 88.

It is true that, if Saunders is correct about her proposed timing rule, her fee motion would be timely: her counsel Osborn received notice of the award on May 13 and filed the fee motion seven days later. But the Court need not decide whether Saunders's theory is correct, because it would deem her fee motion timely under Rule 6(1)(B) either way. Even if a motion is filed late, Rule 6(1)(B) authorizes a district court to extend the deadline when a movant can demonstrate "excusable neglect," which turns on four factors: (1) "the danger of prejudice to the opposing party," (2) "the length of the delay," (3) "the reason for the delay," and (4) "whether the movant acted in good faith." *Tancredi*, 378 F.3d at 228 (alterations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). Applying those factors here, the Court concludes that Saunders has demonstrated excusable neglect.

First of all, there would be no prejudice to the opposing party, the Social Security Administration, because it would not be paying Osborn's fee to begin with. That fee would be paid by Saunders out of her past-due benefits, and it can hardly be prejudicial for a client to pay her attorney a reasonable, pre-agreed fee. As for the length of the delay, Osborn filed the fee motion just seven days late—a relatively insignificant lapse. Saunders also had a good-faith reason for the delay, in that the notice was inadvertently mailed to another law firm, which Osborn diligently contacted after he did not hear back from the agency about Saunders's award. Given these circumstances, the Court exercises its discretion to "enlarge th[e] filing" period for the motion and deems it timely. *Sinkler*, 932 F.3d at 89.

\*     \*     \*

Accordingly, the Court hereby grants Saunders' motion for attorney's fees and approves a fee of $6,000 under 42 U.S.C. § 406(b).  Osborn shall also return to Saunders the $1,100 he previously received under the EAJA.  The Clerk of Court is respectfully directed to terminate any pending motions and close this case.

SO ORDERED.

Dated:    November 6, 2024
          New York, New York

_____
Ronnie Abrams
United States District Judge

6